May it please the court, my name is Tanner Crowther, my co-counsel and I are law students at the University of Idaho and appear today as legal interns under the supervision of Maureen Laughlin and we appear today on behalf of the petitioner in this case, Mr. Jesus Cecena. As we intend to watch the clock and to reserve at least a minute for rebuttal, I intended to argue to the court today that the recent Supreme Court decision in Cook did not affect the resolution in this case because Cook did not decide whether an inmate in California has an independent federal right to some evidence to support a parole denial. However, just last week this court issued a decision in Pearson that applied Cook and this court decided and rejected that argument. Even after Pearson, it's our position and Mr. Cecena's position that an inmate in California has an independent substantive due process right that prohibits the board from issuing constitutionally arbitrary decisions. Neither Cook or Pearson addressed substantive due process as a source of that right. However, despite that fact, in recognition of the way that this court construed Cook and applied it in Pearson, I will yield the remainder of our oral argument time to my co-counsel to address in separate independent procedural due process the violation that occurred in this case unless the court has questions regarding the substantive due process argument. Well, I don't think we were left a lot of room after that Supreme Court decision. I think we would agree there's not a lot of room, but again, there was no discussion in Cook and the decision or I guess the question that was presented to the court in Cook was a narrow question. And the answer was pretty broad. It was very broad, but we would actually agree with this court in Pearson that Cook was unequivocal in limiting federal due process analysis to where the parole applicants receive the required procedural protections. What our argument is based on is that California law is clear that the board cannot issue parole denials without some level of evidence to support that conclusion. What we're asking this court to recognize is that neither does the federal constitution blatantly ignore the reasons stated by the board, and those reasons have to have some substance behind them. Otherwise, they violate the substantive protections that are contained in the due process clause. May it please the court. My name is Brian Dixon, and as Mr. Crowther said, I'm addressing the independent question that this court certified to us when it appointed us counsel. Whether the state court can rely on reasons not relied upon by the board in upholding a denial of parole. The answer, Your Honors, is no for procedural due process reasons. When the board denied Mr. Susena parole, it relied on four reasons very specifically. His underlying offense, his juvenile history, the 2005 psychological report, and his parole plans that they said were inadequate to show his readiness for parole. Mr. Susena challenged those four reasons in the California courts as proper under California law. However, when the California Court of Appeals issued its decision, it relied on three factors, two of them entirely new to the proceedings. His gang membership and his prison disciplinary records. By relying on those two reasons without any sort of argument beforehand, the California Court of Appeals denied Mr. Susena the opportunity to be heard that is guaranteed to him in both Cook and Greenholds. Did the California Court of Appeals just make these things up or were they part of the record? They were considered in the record, Your Honor, but the record or the appeal, rather the independent habeas challenge in the California system, was specifically focused on the adequacy of the four reasons stated by the California Board of Parole Hearings. That's specifically limited in the challenge process in California. You can only challenge the reasons articulated by the California or by the board. In re delumenum, Ray Roderick are the two leading cases in California on that issue. To go beyond and say that somehow these other issues are relevant without even giving Mr. Susena an opportunity to respond to them Mr. Susena was never given notice that these two new factors were in play at the California Court of Appeals level, nor did he have an opportunity to challenge them. He did not have an opportunity to say that he had debriefed from the gang in 1993 and had been stabbed three times in retribution since. He did not have a chance to challenge the prison disciplinary record as being no longer indicative since he has not received a minor, any sort of disciplinary violation since 1987. Because the California Court of Appeals violated Mr. Susena's procedural due process rights, under the clearly established Supreme Court precedent in Cook and Greenholtz, he is entitled to some form of habeas relief under ADEPA. The proper form of relief would be to send this case back to the California Court of Appeals and let them remedy their error to hold a hearing that comports with due process. The mechanism by which this can be accomplished is to remand this case to the federal district court with instructions to order Mr. Susena's release within 60 days, unless the California Court of Appeals sets a new hearing in this matter to remedy their error. How does an intermediate court of appeal hold a hearing? In this case, Your Honor, because it's a new challenge under the California standards, they can hold a pre-decision oral argument. With Mr. Susena, they actually did not. They received his petition and debrief supporting his petition. But the thrust of your argument, as I understand it, is that these additional reasons, for example, the gang membership, that they may have been part of his record, but they weren't cited in the review process, weren't cited as a reason by the parole board, right? That's correct, Your Honor. And your contention is he should have an opportunity to face those charges and to present evidence which would contradict or mitigate those charges. Is that right? The evidence that I referred to is also in the record, Your Honor. And the opportunity to challenge would be to point out to the court that this evidence does exist in the record before them. There was no oral argument before the California Court of Appeals. It was simply the petitions. So you don't mean a hearing in the sense of a hearing that would occur before a trial court fact-finding, but a renewed hearing before the California Court of Appeals where those reasons could be put forward and he could contradict them based on the record? Correct, Your Honor. It would be an appellate hearing very similar to what we're doing today. Okay. Can the California Court go beyond the reasons given by the parole board? No, Your Honor. Under the federal constitution... What's the point of the hearing? The point of the hearing, Your Honor, would be to look at the four factors that the board articulated as is proper under California law and determine whether or not those four factors support an upholding of the denial of parole pursuant to California law, most recently embodied in the Lawrence case. So then they could not look at this hearing at the two factors on which they relied on improperly? That's correct, Your Honor. So he would not have an opportunity to answer those charges? Those charges couldn't be considered? Correct, Your Honor. It's the reliance on them without even giving him notice that they were potentially before the court that is the problem, that is the violation of the procedural protections embodied in Greenholds and in court. It says the petitioner must have an opportunity to be heard and given a statement of reasons. The opportunity to be heard has been defined by the Supreme Court, and Jackson has noticed that the factors are in play and a meaningful opportunity to challenge them. He could challenge them by saying this court, the California court precedent, would foreclose consideration of these facts under In re Roderick, under In re DeLuna. That's still the opportunity to challenge that he was denied by the California courts. If there are no further questions, I would reserve the remainder of our time for rebuttal. Thank you, counsel. Good morning, Your Honors. May it please the court, Deputy Attorney General Jennifer Cano for Respondent and Pelley. In this case, petitioner received an opportunity to be heard before the board and a statement of reasons denying him parole. Therefore, his claims are precluded. Did the statement include the two things that the law students had referred to? No, not in the board's decision. But that argument, this new procedural due process argument, fails for several reasons, the most important being the opportunity to be heard that Cook and Pearson were referring to is the opportunity to be heard before the board, not before the California Court of Appeal. How can it be due process to have someone go before a parole board, be told that the reasons for denial are A, B, and C, the individual then seeks relief in the California court system, and the California court says we're denying you parole based on reasons D, E, and M? Well, Your Honor, that's not exactly what happened. Then tell us what did happen. They cited two additional factors that the board didn't expressly rely on. So it's unclear if they were only relying on those two factors in finding some evidence or a combination. That's unclear. Your opponents suggest that the California court could not consider those additional reasons. Is he correct in that regard? No, Your Honor. The California Supreme Court in In re Chaputis, the seminal case on this matter, in that case, the California Supreme Court considered factors that were not considered by the board. Here, as in Chaputis, the petitioner had an opportunity to address those factors before the board. Just like in this case, he had the opportunity to address his gang affiliation and his disciplinary history. Therefore, he did receive the opportunity to be heard as those factors did come out. So at the parole hearing, these two issues came up? Yes, Your Honor. And he was able to respond to them? Yes. But the parole board's decision was based on other factors? It was, Your Honor. And what the California Court of Appeal did was say, in addition to the factors that the board relied upon, the record shows these other two factors. That's my understanding of their finding. Another point I'd like to address is that a petitioner is simply criticizing the way the California State Court applied California state law. And that's not cognizable in federal habeas review. If he had a challenge to that, his remedy would be to go to the California Supreme Court, which he did in this case, and the California Supreme Court also denied his petition. Sent him a postcard. I'm sorry? Sent him a postcard. Well, yes, summarily denied his petition. After Cook, all that's left is the opportunity to be heard in a statement of reasons denying parole, and since the petitioner received those protections, his claims lack merit. If there are no further questions, I'll submit. Was he aware that he was required to counter not only the reasons the parole board gave, but any other reasons anyone might give? When he filed his petition? Yes. No, I mean, I would say it was fair for him to rely on the factors that the board cited. But, again, those factors were in the record, and he had an opportunity to address them before the board. And ultimately, if it was an error, if we're going to say that the California Supreme Court or any California court cannot rely on factors that were not relied upon by the board, then still their decision has to be under AEDPA objectively unreasonable in this matter. Is there such a thing as being objectively unreasonable? In these cases, not anymore. But there is in general, I would say, theoretically. Theoretically. Yeah. Sounded like a trick question to me. Again, Cook just left, you know, it's a very limited review, federal review. Are there any more questions? Well, I'm still trying to understand what a habeas petitioner is supposed to do when he gets to the California court. He doesn't have notice, I forgot it was your answer, that the decision may be based on anything. So, and were these other issues briefed before the court of appeals? I believe so. He filed a petition. On these four issues, the four that the parole board filed? Yes, I believe so. And what did the state do in response? Your Honor, I'm not exactly sure, because that was quite a while ago, I think it was in 2007. I believe we must have filed some sort of, I don't know if it was summarily denied or we filed some sort of response. I'll take their word for it that there was no oral argument in that case, but I'm assuming we filed a response of some sort. To those four issues or to every imaginable issue? The response probably would have said how those four factors equate to some evidence of current dangerousness. Do you still feel that procedurally he was given an opportunity to explain to the courts why his parole could not be based on these additional reasons? Well, yes, procedurally all that is required is an opportunity to be heard before the board. About what? No, the board, yes. I see. You're just saying that no matter what happened in the courts. Right, because that's a critique. There's no way the courts could deprive him of procedural due process. Correct. If the court just said to him, we're not interested in hearing your case. Yeah, they could have summarily denied it. Without any reason. Correct. Okay. As long as he received the opportunity to be heard before the board, not... Procedural due process rights, you're saying, end when he gets a hearing before the board. Yes, and a statement of reasons denying his parole. Correct. And he's not entitled to any judicial review. I mean, under California law, he is. He can file a habeas petition. And they have to comport with California state law and find that some evidence supports the board's denial, which they did in this case. And even if they did it incorrectly, there's no federal claim here because that's state law. Okay. Thank you. Thank you. Just a couple of quick points, Your Honors. First, the state did not file a response at the California Court of Appeals level looking specifically at page 13 of the record. Justice McDonald, the dissenting justice, would have requested a response. The other two justices made their decision based on the petition and the brief in support of the petition alone. Moving into the Cook issue, there is a federal claim for procedural due process violations. The Supreme Court has said that a potential parolee going through the process must receive an opportunity to be heard and a statement of reasons. Opportunity to be heard must be meaningful to challenge, and it's even improper to go beyond that scope. The issue, as the state now defines it, is whether you're entitled to any due process beyond an adequate hearing of the Parole Board. You're complaining, I gather, about the process in the courts. That's correct. And the state's position is you're not entitled to anything beyond a fair hearing before the Parole Board. I note, Your Honors, that I'm out of time. Well, that's all right. The reason for procedural due process at all levels has been well recognized by this entire system looking at the Supreme Court, particularly all the way back to Matthews v. Eldridge and Goldberg v. Kelly. The courts cannot deprive a person of a liberty interest without providing them at least procedural due process, irregardless of the level that they're at. Unless there are any further questions, Your Honors? Thank you, Keith. And thanks to Ms. Laughlin for the supervision. We always enjoy hearing the law students. And they're always very good. The case just argued will be submitted. The next two cases are submitted without argument. Lee v. Cullen and Lee v. Cullen. Next case for oral argument is Bruzean v. City of Davis, etc. I thought, Steve, I thought we, Judge Reiner, I thought we changed the order. No, that's the order on my calendar here. What's the order? I can't hear. Okay. So we're going to take Coleman v. Schwarzenegger next. We haven't heard anything further? I'm going to call the prison system.
judges: Reinhardt, Hawkins, Gould